**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Siena Village Apartments of Arizona, LLC, dba Siena Village Apartments,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Veronica Ferguson,<br><br>　　　　Defendant. | No. CV-19-01322-PHX-CDB<br><br>**ORDER** |

This case was removed to federal court by Defendant Ferguson ("Ferguson"), who is pro se in this matter. Pending before the Court are Ferguson's motion for leave to proceed in this matter *in forma pauperis* (ECF No. 2) and her motion to allow electronic filing by a party appearing without an attorney (ECF No. 3). Also pending before the Court is a motion to remand this matter back to the state court, (ECF No. 7), filed by Plaintiff Siena Village Apartments of Arizona ("Siena Village").

Although Siena Village has consented to the exercise of Magistrate Judge jurisdiction over the matter, Ferguson has not consented to Magistrate Judge jurisdiction, nor has she elected to have the matter reassigned to a District Judge. The Court mailed several notices to Ferguson and were all returned to the Court as undeliverable. (ECF No. 8.) Additionally, Ferguson failed to appear at an Order to Show Cause hearing on April 1, 2019.

This case involves an action for eviction against Ferguson. On October 18, 2018, Siena Village filed a special detainer action against Ferguson in the Encanto Justice Court of Maricopa County. (ECF No. 1-1 at 1.) Siena Village alleged Ferguson failed to pay rent as agreed and that she owed Siena Village $1512.21 in rent, late fees, and attorneys fees. (*Id.*) Siena Village provided the Justice Court with proof that a Notice of Intent to Terminate Lease for Non-Payment of Rent was served on Ferguson pursuant to Arizona Revised Statutes Annotated § 33-1368(B). (ECF No. 1-1 at 6.) The court conducted a hearing on October 25, 2018, at which Ferguson appeared and defended, and judgment was entered in favor of Siena Village. *See Siena Vill. Apartments of Ariz. LLC v. Ferguson*, No. CC2018 216041 at http://justicecourts.maricopa.gov/FindACase/casehistory.aspx).

Ferguson appealed and asked the court to allow her to maintain possession of the dwelling during the appeal. (ECF No. 1-1 at 7.) On October 31, 2018, the Justice Court stayed the eviction, ordered Ferguson to pay the total monthly rent due in cash to the Court on the first of each month, and warned Ferguson the appeal would be declared abandoned if she failed to submit an appellate memorandum to the Justice Court on or before December 30, 2018. (ECF No. 1-1 at 14.) Ferguson timely paid bonded rent for November and December of 2018 to the Justice Court. (ECF No. 1-1 at 15, 21.)

On December 28, 2018, Ferguson asked the Justice Court for additional time to docket a memorandum in the appeal. (ECF No. 1-1 at 17.) On January 28, 2019, Ferguson filed an appellate memorandum asserting Siena Village violated her rights pursuant to Arizona's Landlord Tenant Act. (ECF No. 1-1 at 18.)[1] She further alleged her "civil rights" were violated because the "Judge made [her] feel there was bias toward landlord as judge stated I would have to file a complaint, he would hear both sides, make his decision and then I could file an appeal as if decision was predicted for landlord thus defendant appealed." (*Id.*) She argued the Justice Court erred by denying her "right for a trial" because Siena Village violated "ARS 33-1365, ARS 33-1313 and ARS 33-1311." (ECF No. 1-1

---

[1] The memorandum attached to ECF No. 1 is not dated, but the Justice Court docket indicates the memorandum was filed January 28, 2019.

at 19). She further alleged she was not provided the opportunity to cure the non-payment of rent at the eviction hearing, and that she was not actually provided notice of the intent to evict. (*Id.*). She alleged she was not provided notice that her rent would be increased, and further asserted that, as a "black single mother" her "civil rights to live as equally as other tenants and survivors" were violated because she had received an "unfair eviction judgment." (ECF No. 1-1 at 20.) She asked the Supreme Court to review her appeal and stated she was in the process of submitting a complaint against Siena Village with the "NAACP, City of Phoenix Housing and Attorney General," based on Siena Village's "abusive practices." (Id.)

On January 21, 2019, Siena Village filed a motion to lift the stay of the supersedeas bond, noting Ferguson failed to pay rent for January of 2019, thereby forfeiting the protection provided by Arizona Revised Statutes Annotated § 12-1179(D). (ECF No. 1-1 at 25-27.) Siena Village also moved to dismiss Ferguson's appeal of the eviction action, asserting her memorandum was not timely filed. (ECF No. 1-1 at 28-30). The Justice Court dispersed the rent to Siena Village on January 22, 2019.

Ferguson filed a response to the motion to dismiss the appeal on February 4, 2019, asserting she had been given leave to file her memorandum no later than February 11, 2019. (ECF No. 1-1 at 31.) She further alleged she was entitled to relief because Siena Village violated her right to receive notice of the increase in her rent. (ECF No. 1-1 at 32). The Justice Court heard oral argument on February 19, 2019, and denied the appeal. Ferguson filed a motion to set aside/vacate judgment on February 22, 2019, asserting the Justice Court judge had a conflict of interest because it was the "same court as judge that erred. Unfair and inequality." (ECF No. 1-1 at 33). She also filed a motion to stay the judgment of eviction, alleging it was a "violation of [her] civil rights to provide support [for] my children and denying equal opportunity." (ECF No. 1-1 at 34-35).

On February 26, 2019, Ferguson removed the state court matter to this Court by means of a Notice of Removal, naming herself as the plaintiff and Siena Village as the defendant. The Notice of Removal contains a "Complaint" and an allegation of federal court jurisdiction. (ECF No. 1 at 1.) As the basis for her action against Siena Village and federal jurisdiction she alleges:

> Unlawful eviction judgement as defendants violated housing rights of plaintiff by defrauding court and housing system for financial gain. Defendant also violated retaliation laws and 42 U.S. Code § 1983. Civil action for deprivation of rights §§ 42 U.S. Code § 1983. Civil action for deprivation of rights. . . .
> Defendant's noncompliance actions and not acting in good faith with landlord tenant act and lease agreement by improperly serving ten-day notice as five day notice and state court signed off on notice with word "occupant" as signature for minimum of seven consecutive months which resulted in Plaintiff being overcharged. Defendant also increased rent over 20 percent and gave no notice to tenant which brought undue financial hardship to tenant, a single minority mother of two sons. Per law and agreement, notice would be performed. During hearing of eviction, judge denied tenant a trial even after hearing tenant's claims.

(ECF No. 1 at 1-2).[2]

Siena Village has asked the Court to remand this matter. Federal courts are courts of limited jurisdiction; they have subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A party may remove an action from state court only if the action could originally have been brought in the district court. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 747 (9th Cir. 1993). Additionally, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

---

[2] Although the initial pleading is captioned "Notice of Removal," it is possible Ferguson intended to initiate a unique federal action alleging Siena Village violated her federal constitutional rights or the Fair Housing Act.

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Id.* Ferguson has not responded to the motion to remand and, accordingly, she has not met her burden of proof to establish federal court jurisdiction. Furthermore, in her Notice of Removal she asserts the Court has jurisdiction over her claims pursuant to § 1983. Plaintiff does not plead any facts supporting her claim that her federal civil rights were violated by the state special detainer action. Additionally, § 1983 applies only to "state" actors and Siena Village is not a "state" actor.

Nor is there federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1441(a), which provides for the removal of a case which arises under federal law. A case "arises under federal law" if a well-pleaded complaint "establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Siena Village, as the plaintiff in the removed matter, relied exclusively on state law as the basis for the special detainer action. Furthermore, there are no substantial questions of federal law that must be resolved in determining whether Ferguson was entitled to relief in the landlord-tenant dispute. State law provides the claims and remedies to a landlord, and potential defenses thereto, in circumstances where a tenant allegedly breached a rental agreement. Ariz. Rev. Stat. Ann. §§ 33-1361-1381.

Although she does not reference 28 U.S.C. § 1443(1), Ferguson is unable to establish jurisdiction pursuant to this section of the United States Code. "The Supreme Court . . . has given section 1443 a restrictive interpretation." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). To remove a matter to federal court pursuant to section 1443(1), Ferguson must demonstrate that: (1) as a defense to a civil action or prosecution, she asserted rights given to her by an explicit statutory enactment protecting

her civil rights; and (2) that the state court upheld a statute or constitutional provision that ordered the state court not to enforce those federally protected civil rights. *Id.* (citing *Georgia v. Rachel,* 384 U.S. 780, 788-92, 794-804 (1966); *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824-28 (1966)). Ferguson did not assert, in the state court, any right given to her by explicit statutory enactment protecting her civil rights, nor has she identified any Arizona statute precluding her from asserting any of her federal civil rights that the state court is refused to enforce.

Ferguson's state-court counterclaims against Siena Village only very, very vaguely assert race discrimination in violation of federal housing laws; the gravamen of her complaint is that she was not properly notified her monthly rent would be increased and that Siena Village violated the Arizona Landlord Tenant Act with regard to the rent increases and the failure to give her proper notice of both the rent increases and the eviction action. Nevertheless, even the assertion of federal counterclaims in an action alleging state law claims does not convert the action into one "arising under" federal law for purposes of federal question jurisdiction. *Caterpillar,* 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of *the plaintiff's* properly pleaded complaint.") (emphasis added); *Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.,* 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Hence, Ferguson has not shown that there is federal question jurisdiction in this case to serve as a basis for removal.

**IT IS THEREFORE ORDERED** that this action is remanded for lack of subject matter jurisdiction. The Clerk of Court is directed to remand this action back to the Encanto Justice Court of Maricopa County.

**IT IS FURTHER ORDERED** that Defendant Ferguson's Motion to Proceed in Forma Pauperis (ECF No. 2), and her Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (ECF No. 3) are **both denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff Siena Village's Motion to Remand to State Court, (ECF No. 7), is **denied as moot**.

Dated this 8th day of April, 2019.

_____
G. Murray Snow
Chief United States District Judge